**George P. BAKER et al., Debtor,**

**v.**

**CROWN COAL & COKE COMPANY.**

**Civ. A. No. 73–262.**

United States District Court,
W. D. Pennsylvania.

June 13, 1974.

John K. Clements, Pittsburgh, Pa., for plaintiffs.

Edmund K. Trent, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This proceeding has been filed by plaintiffs pursuant to the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., to recover charges for coal shipments delivered by plaintiff on behalf of the defendant. Defendant has filed a counterclaim for the value of coal which, although given to the railroad for delivery, never reached its destination. After a thorough pretrial of this proceeding, and based on the stipulation of counsel, it appears to the Court that there is no factual question for determination, but rather an issue regarding the legal liabilities of the parties.

It has been stipulated that the Penn Central Transportation Company performed services for the defendant in the amount of $3,223.07. It has been further stipulated and the Penn Central Transportation Company acknowledges a total amount due defendant of $3,608.09, which arose prior to June 21, 1970, the date of Penn Central's petition for reorganization under Section 77 of the Bankruptcy Act; and the plaintiff Trustees acknowledge an additional amount due to defendant in the amount of $240.16, which arose subsequent to Penn Central's reorganization.

It has been clearly held that there can be no setoffs for pre-reorganization charges due shippers from this debtor against amounts due to the railroad. In the matter of Penn Central Transportation Company, Debtor, 339 F.Supp. 603 (E.D.Pa.1972), aff'd, 477 F.2d 841 (3d Cir. 1973), cert. denied, 414 U.S. 923, 94 S.Ct. 219, 38 L.Ed.2d 157 (42 U.S. Law Week 3213); aff'd sub. nom United States Steel Corp. v. Trustees, 414 U.S. 885, 94 S.Ct. 231, 38 L.Ed.2d 137 (42 U. S.Law Week 3213). Defendant contends that there was a prepayment of the freight charges in question here. Defendant's position is that certain unrelated pre-reorganization shipments were either converted to plaintiffs' use or were lost in transit, and that if converted, this should be considered prepayment for the freight charges for which plaintiff seeks reimbursement.

The Court, however, discerns no distinction between the alleged conversion, no proof of which is in the custody of either party, and a setoff which as indicated cannot be permitted.

An appropriate Order consistent with the stipulations entered by counsel will be filed.